EDWARD M. CUMMINGS, Appellant, *vs.* THE CITY OF CHI-
CAGO, Appellee.—MELVILLE G. HOLDING, Appellant, *vs.*
THE CITY OF CHICAGO, Appellee.—JOHN A. PLONER,
Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed February 25, 1911.*

MUNICIPAL CORPORATIONS—*when city oil inspector cannot re-
cover fees paid over to city.* One who is appointed city oil in-
spector under an ordinance, without any intention or attempt, by
himself or by the city, to comply with the Oil Inspection statute,
either in his appointment or qualification, is not a *de jure* or a
*de facto* oil inspector under the statute but acts only by authority
of the ordinance, and if he agrees to be bound by the ordinance
and pay over fees to the city he cannot subsequently deny the ob-
ligation of the ordinance or dispute the city's title to fees paid
over. (*City of Chicago* v. *Burke,* 226 Ill. 191, followed.)

APPEAL from the Circuit Court of Cook county; the
Hon. LOCKWOOD HONORE, Judge, presiding.

JAMES HAMILTON LEWIS, and HOYNE, O'CONNOR,
HOYNE & IRWIN, (MACLAY HOYNE, of counsel,) for ap-
pellants.

EDWARD J. BRUNDAGE, Corporation Counsel, and WIL-
LIAM K. OTIS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant Melville G. Holding acted as oil inspector
of the city of Chicago from November 4, 1901, to June 15,
1903, under an appointment by the mayor, confirmed by
the city council. Soon after his appointment he entered
into a written agreement with the city to receive as his
salary, in full compensation for his services as inspector
and in lieu of all charges and emoluments pertaining to the
office, such sum, not less than $300 a month, as might be
fixed by ordinance, payable from the receipts of the office;
to appoint, subject to the approval of the mayor, such num-

ber of deputies as the city council might prescribe by ordinance, at salaries, payable monthly, to be fixed by ordinance; to make monthly written, sworn reports of all receipts, fees, charges and emoluments of the office, and at the same time to pay to the comptroller the full amount thereof, less the salaries of the inspector and his deputies and the other necessary expenses of the office, including the cost and maintenance of necessary instruments and apparatus, and in all respects to follow and be bound by the ordinances of the city relating to the duties of the office.    During all the time Holding acted as inspector he made the monthly payments mentioned in this agreement and complied with its terms in all other respects.   On July 15, 1909, he filed in the circuit court of Cook county a bill against the city seeking to have the contract, and all settlements made under it, declared void and the city compelled to return all the monthly payments made under it, which were alleged to exceed $19,000.   The appellant Edward M. Cummings succeeded Holding and acted as oil inspector from June 15, 1903, to May 22, 1905.   Before entering upon the performance of his duties he entered into the same agreement as Holding and complied with it so long as he acted as inspector.   On June 8, 1909, he filed a bill similar to Holding's, claiming over $18,000.   John A. Ploner, who was Cummings' successor and acted as oil inspector from May 22, 1905, to May 1, 1907, entered into the same agreement as his predecessors, complied with it during most of the time he acted, and filed a similar bill on July 8, 1909, claiming over $12,000.   The court dismissed the bills, after a hearing upon the pleadings and evidence, for want of equity, and the complainants appealed to this court, the validity of a municipal ordinance being involved, and the court having made the required certificate.   The appeals have been submitted and considered together.

Chapter 104 of the Revised Statutes provides for the appointment of an oil inspector under certain conditions,

the manner of fixing his compensation, the term of his office, his qualification and duties. Various ordinances were passed by the city council on the subject of oil inspection, which are set out in the opinion in the case of *City of Chicago* v. *Burke,* 226 Ill. 191. Burke was appointed oil inspector in April, 1897, and acted as such inspector, under successive appointments, until October, 1901. His appointments were made under the city ordinances, as was supposed, and his official actions were supposed to be controlled by those ordinances. He made monthly reports, as required by the ordinances, and monthly payments of the amount of the receipts of the office shown by such reports. He submitted bills of the salaries and expenses of the office, and these were paid by the city. Many of his reports were false, and in October, 1901, he had received more than $30,000 of fees and charges which he had failed to report or pay over. He was indicted for the embezzlement of this sum, and then, while denying the existence of any shortage, he paid to the city comptroller $30,000, to be held as security for any shortage which might be found. A few days later he sued out a writ of *habeas corpus* from the circuit court, the result of which was that he was discharged on the ground that he was legally appointed oil inspector under the statute and that the fees for inspection were his own property. Some time after, Burke brought suit to have the $30,000 thus paid to the city returned to him. This was the case cited above, and it was there held that the mayor and city council had no intention to act in pursuance of the statute but under the ordinance, which conflicted with the statute in numerous provisions; that Burke was not appointed under the statute, and therefore was not an officer *de jure*. It was further held that he was not an officer *de facto* because he was not appointed, and there was no attempt to appoint him, to the office of oil inspector under the statute; he did not act or assume to act as such an officer and did not have the reputation of being an oil

inspector under the statute; there was nothing to lead any one to regard him as an officer under the statute, but his reputation was that of an officer under the ordinance.

The position of these appellants is no stronger than Burke's. Their respective appointments were made in precisely the same manner as his. There was no effort on the part of the mayor or council to act in pursuance of the statute and no effort on the part of either of the appellants to qualify under it. The city council did not fix the amount of any bond under it, nor did either of the appellants attempt to give one. The bonds, which were given were approved by the council and not by the mayor. The law was the same, the ordinances were the same, the acts of appointment and qualification were the same, and if those acts were not sufficient to constitute Burke an officer *de jure* or *de facto* they were not sufficient to constitute the appellants such officers.

There are some differences in the testimony as to the circumstances under which the contracts were executed and as to what was said by the appellants and those concerned on behalf of the city at the times of their execution. These differences do not affect the result. The contracts speak for themselves. They were all executed before the respective appellants began acting under their appointments. The appellants were not then officers either *de jure* or *de facto,* and the contracts make it definite, beyond question, that they were to act, not by reason of any statutory right, but under the authority of the city ordinances relating to the duties of the office of oil inspector, which they agreed in all respects to follow and be bound by. By virtue of the ordinance the appellants proceeded, under the agreements, to collect the fees and pay to the city the amount remaining after the payment of salaries and other expenses. Their title to the money is not different from Burke's, and they can no more deny the obligation imposed upon them by the

ordinance or dispute the title of the city than he could. The former case is decisive of the rights of the appellants.

The decrees of the circuit court dismissing the bills for want of equity were right and are affirmed.

*Decrees affirmed.*